UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

O'Brien & Wolf, L.L.P.,

    Plaintiff,

v.                                                       Civil No. 11-3748 (JNE/AJB)
                                                       ORDER

Liberty Insurance Underwriters, Inc.,

    Defendant.

O'Brien & Wolf, L.L.P., brought this action in state court against Liberty Insurance Underwriters, Inc. (Liberty Insurance), for breach of contract and for declaratory relief. Asserting that the action is within the original jurisdiction conferred by 28 U.S.C. § 1332 (2006) (amended 2011), Liberty Insurance removed the action from state court. *See* 28 U.S.C. § 1441(a) (2006) (amended 2011). Section 1332(a)(1) provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Accordingly, the Court observes that Liberty Insurance has not satisfied its burden of establishing diversity of citizenship. The Court grants Liberty Insurance an opportunity to amend its removal notice.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Because it removed the action from state court, Liberty Insurance bears the burden of establishing subject matter jurisdiction. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

1

In its Notice of Removal, Liberty Insurance stated that O'Brien & Wolf "is a limited liability partnership organized under the laws of the State of Minnesota with its principal place of business" in Minnesota; that Liberty Insurance "is a corporation organized under the laws of the State of Massachusetts with its principal place of business in" New York; and that O'Brien & Wolf seeks to recover $110,500 from Liberty Insurance under an insurance policy. Liberty Insurance stated that it is a citizen of Massachusetts and New York, *see* 28 U.S.C. § 1332(c)(1), and that the amount in controversy exceeds $75,000, exclusive of interest and costs. But Liberty Insurance's allegation with respect to O'Brien & Wolf is deficient.

For purposes of diversity jurisdiction, § 1332(c)(1) does not determine the citizenship of a partnership. Instead, "the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Barclay Square Props.*, 893 F.2d at 969; *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). No information about the citizenship of O'Brien & Wolf's partners appears in the record. Consequently, Liberty Insurance has not satisfied its burden of establishing diversity of citizenship. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted); *see McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998). Accordingly, the Court grants Liberty Insurance seven days from the date of this Order to file an Amended Notice of Removal that specifically states the citizenship of O'Brien & Wolf's partners. *See Corporate Mgmt. Advisors*, 561 F.3d at 1298 (directing the district court to permit the removing party to amend its notice of removal). If Liberty Insurance fails to do so, the Court will remand this action to state court. *See* 28 U.S.C. § 1447(c) (2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

Dated: January 5, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
